UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-183-FDW

| | |
|---|---|
| VALCHIC WENDELL HENDON,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FNU HILL, | ) ORDER |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 4].

I.  BACKGROUND

The pro se Plaintiff is a pretrial detainee at the Transylvania County Detention Center ("TCDC"). He filed this civil rights suit pursuant to 42 U.S.C. § 1983 against FNU Hill, a "transport c.o." on claims for "excessive force, physical brutality and violating the 5th and 14th Amendments of the United States Constitution."[2] [Doc. 1 at 3]. He alleges:

> Jun 6 24 2:00/2:30 I was walking to my cell then Officer Hill of the [TCDC] maliciously sadistically used excessive force to intentionally to inflict pain and to [illegible] by grabing me from behind then throwing me against walls windows and trashcan. This was a dilbrate means to cause harm rather than to keep order or to restore discipline. I have wrote Officer Hill up for opening my legal mail so I put in a grievance. So this may be retaliation. I also put in a grievance for this and I was told it was handle in my internal affairs approperately and I could not find out what was done because it's in his personal file. Other officers joined in I was not resisting the assault. Due to it happening from behind and I didn't have a clue what was

---

[1] The Transylvania County Detention Center's website indicates that the Plaintiff's name is Valachie Wendell Hendon. [See Doc. 4]; https://www.ncinmatesearch.org/Transylvania_County.html (last accessed Nov. 12, 2024); Fed. R. Ev. 201.

[2] The Court will address the claims that are reasonably suggested by the allegations without regard for the titles that the Plaintiff has assigned them. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

> going on or why not intil other detainees told the officers to stop that's when they put me in a cell. I since pettion the court for the fixed camera footage.

[Id. at 3-4] (errors uncorrected). The Plaintiff seeks injunctive relief and damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations that are not directed to Defendant Hill.

[See, e.g., Doc. 1 at 3 (referring to "other officers")]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). These claims are also too vague and conclusory to proceed in that the Plaintiff has failed to adequately identify the individuals to whom he refers. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations that are not attributed to Defendant Hill are, therefore, dismissed without prejudice.

The Plaintiff alleges that Defendant Hill used excessive force against him. The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking the Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Plaintiff's claim that Defendant Hill used excessive force against him passes initial review in that it is not clearly frivolous.

The Plaintiff also appears to assert a claim for retaliation against Defendant Hill. An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Here, the Plaintiff's allegations are too vague and conclusory to state a plausible retaliation claim. He alleges only that he "wrote Officer Hill" up on a mail complaint at some point before the excessive force incident allegedly occurred. His speculation that this "may be retaliation" is insufficient to state a plausible retaliation claim. Accordingly, the Plaintiff's retaliation claim is dismissed without prejudice.

Finally, the Plaintiff claims that Defendant Hill violated his Fifth Amendment rights. [Doc. 1 at 3]. However, this claim is not supported by any factual allegations whatsoever. The Plaintiff's claim for a Fifth Amendment violation is, therefore, dismissed without prejudice.

## IV. CONCLUSION

In sum, Plaintiff's Complaint passes initial review against Defendant Hill for the use of excessive force, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] passes initial review against Defendant Hill for the use of excessive force.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail a blank summons form to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendant Hill. Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

The Clerk is respectfully instructed to note in the Court's record that the Plaintiff is also known as "Valachie Wendell Hendon."

**IT IS SO ORDERED**.

Signed: November 25, 2024

Frank D. Whitney
United States District Judge