| | |
|---|---|
| VALCHIC WENDELL HENDON,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| GRAHAM HILL, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Graham Hill's Motion for Summary Judgment [Doc. 20]. Also pending are the Defendant's Motions to Strike Surreply [Docs. 35, 41].

**I.     BACKGROUND**

The Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Transylvania County Jail on June 6, 2024.[2] The unverified Complaint passed initial review against Defendant Hill, a correctional officer, the use of excessive force. [Doc. 5: Order on Initial Review]. The Plaintiff seeks injunctive relief and damages. [Doc. 1 at 4].

Defendant Hill filed the instant Motion for Summary Judgment. [Doc. 20]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 25: Roseboro Order]. The Plaintiff filed a Response [Doc. 30: MSJ Response] and supporting documents including

---

[1] Also known as Valachie Wendell Hendon.

[2] The Plaintiff is presently incarcerated at the Laurel County Correctional Center in London, Kentucky.

Plaintiff's declaration [id. at 4-5], and the Defendant filed a Reply [Doc. 32: Reply]. The Plaintiff then filed a Surreply [Doc. 34], which the Defendant has moved to strike [Doc. 35]. The Plaintiff opposes the Motion to Strike. [Doc. 37].

The Plaintiff was granted an extension of time in which to file a dispositive motion. [Doc. 39]. Rather than doing so, the Plaintiff filed another Surreply [Doc. 40], which the Defendant has moved to strike [Doc. 41]. The Plaintiff has not responded to the Motion to Strike and the time to do so has expired.

Having been fully briefed, these matters are ripe for disposition.

## II.     MOTIONS TO STRIKE

As a preliminary matter, the Court will consider the Defendant's pending Motions to Strike Plaintiff's Surreplies. [Docs. 35, 41; see Docs. 34, 40].

Local Civil Rule 7.1(e) provides that "[s]urreplies are neither anticipated nor allowed ... but leave of Court may be sought to file a surreply when warranted." However, the Court may, in its discretion, allow a party to file a surreply "when fairness dictates." See Turner v. Griffin, No. 1:17-cv-00334, 2019 WL 3783293, at *1 (W.D.N.C. Aug. 9, 2019) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)).

Here, the Plaintiff filed the first Surreply without leave, after having received a Roseboro Order instructing him that he was permitted to file a Response to the Motion for Summary Judgment. He then filed the second Surreply without leave, after the Court specifically instructed him that he was permitted to file his own dispositive motion. In each instance, the Plaintiff failed to comply with the applicable procedural rules and the Court's orders, and fairness does not dictate that the unauthorized Surreplies should be considered. The Defendant's Motions to Strike will,

2

therefore, be granted and the Clerk will be instructed to strike the Surreplies from the Court's record.[3]

### III.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324.  Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a).  Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  To that end, only evidence admissible at trial may be

---

[3] Even if the Surreplies were considered, they would not change the Court's summary judgment analysis.

considered by the Court on summary judgment. <u>Kennedy v. Joy Technologies, Inc.</u>, 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. <u>Anderson</u>, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

<u>Scott</u>, 550 U.S. at 380.

## IV.     FACTUAL BACKGROUND

The forecast of evidence in the light most favorable to the Plaintiff shows the following.

Graham Hill was a transport officer at the TCDC at the relevant time. [Doc. 21-4: Hill Decl. at ¶ 2]. On June 6, 2024, received a radio call from Sergeant Brissey,[4] seeking assistance to avoid a fight in the housing pod. [<u>Id.</u> at ¶ 3]. Sergeant Brissey related that he had observed the Plaintiff and another inmate yelling at each other; Plaintiff was agitated and his body language

---

[4] Sgt. Brissey is not a defendant in this case.

suggested that he was going to fight another inmate; Brissey ordered the Plaintiff to his cell repeatedly and Plaintiff refused, prompting Brissey's call for assistance. [Id. at ¶ 4]. Officer Hill arrived in the housing pod with Corporal Blankenship and Officer Newton.[5] [Id. at ¶ 5]. Sergeant Brissey asked the other officers to place the Plaintiff back in his cell; Hill was unaware of the cell location at that time. [Id.; see id. at ¶ 5; ]. The Plaintiff was walking back toward his cell pursuant to Brissey's instruction when guards came running into the area.[6] [Doc. 30 at 5: Plaintiff's Decl. at ¶¶ 3, 5-6; Doc. 30-1: Response Ex at 52 (Plaintiff's Depo.)]. Hill approached Plaintiff from behind. [Doc. 30 at 5: Plaintiff's Decl. at ¶¶ 6-7]. The Plaintiff turned his head towards Brissey to find out what was going on.[7] [Doc. 30-1: Response Ex at 52-53 (Plaintiff's Depo.)].

When the Plaintiff was about two doors away from his cell, Hill grabbed Plaintiff from behind and pushed him past his cell, then officers rammed him into a trash can, and then repeatedly slammed him into a glass and metal door. [Doc. 30-1: Response Ex at 55-56, 58 (Plaintiff's Depo. "they was ramming me into the trash can…" then they "took me past my cell into a wall that is glass and metal, and boom, boom, boom, boom, as I'm hitting the wall"); Doc. 30 at ¶ 6 (Plaintiff was "slam [sic] into a metal wall repeatedly")]. This occurred while Plaintiff was not actively resisting. [Id. at 67]. Plaintiff and another inmate asked what the officers were doing, and they stopped. [Id. at 58]. No punches were thrown during the incident and the Plaintiff did not formally request medical attention. [Doc. 21-4: Hill Decl. at ¶ 5].

Plaintiff experienced no pain right after the incident, but he presently experiences neck pain. [Id. at 96-97]. He saw medical "off the record" and received some Tylenol. [Id. at 96]. He

---

[5] Corporal Blankenship and Officer Newton are not defendants in this case.

[6] The Defendant denies that Plaintiff was complying with orders to return to his cell. [Doc. 21-4: Hill Decl. at ¶ 4].

[7] According to Hill, Plaintiff pulled his shoulder away from officers who were attempting to escort him, and turned as though he was going to fight officers. [Doc. 21-4: Hill Decl. at ¶ 5].

also received treatment at two hospitals, but he declined to provide details regarding his conditions or the treatments he received, other than that he received x-rays and has unexplained bleeding. [Id. at 97, 99, 101-03; Doc. 30 at 4].

The Plaintiff filed two grievances about the incident. [Doc. 30-1: Response Ex. at 1-2]. The first complained that Hill used excessive force, and the response states that the grievance will be turned over to the Professional Standards Division for an internal investigation.  [Id. at 1]. The second grievance asks for copies of his prior grievances and for the outcome of his grievance on Hill.  The response to the second grievance states that Plaintiff will not be informed of the outcome of the internal affairs investigation, other than that it was handled appropriately. [Id. at 2].

A Report by Captain Queen states that a review of the video footage reflected that the officers used, at most, Level II force under the Transylvania County Sheriff's Office policy and, as such, it did not require a use of force report or an internal affairs investigation. [Doc. 30-1: Response Ex. at 3 (6/7/24 Report)]. The Report notes that the Plaintiff was being actively resistant (Level III), and that Officer Hill and Deputy Blankenship used only Level II hands-on force to control him, even though pain compliance such as pepper spray or a taser was authorized. [Id.; see Doc. 30-1 at 5 (6/6/24 Jail Incident Report)]. As such, the use of force was found to be justified and Blankenship and Hill were exonerated of Plaintiff's excessive force allegation.

No video footage has been filed.

## V. DISCUSSION

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  To prevail an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, 576 U.S. 389 (2015).

6

The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

The Defendant argues that summary judgment should be granted in his favor because the force used was reasonable, and because he is entitled to qualified immunity. The Plaintiff has forecast evidence that Defendant Hill attacked him from behind and slammed him repeatedly into a wall while Plaintiff was complying with orders and was not resisting. Defendant Hill disagrees with regards to Plaintiff's cooperation, the need for the use of force, and the extent of the force used. There are genuine disputes regarding these material issues and they are not blatantly contradicted by any objective evidence such as video footage. The Plaintiff's various descriptions of the force as pushing, slamming, and ramming him into a trashcan and a wall, are not so contradictory that no reasonable jury would believe his version of events. See generally Scott, 550 U.S. 380; see, e.g., Riddle v. Wilson, 2025 WL 2484272 (W.D.N.C. Aug. 27, 2025) (noting that the Court need not accept allegations on summary judgment that are in direct conflict with video footage). Accordingly, there are genuine disputes of material fact regarding Defendant Hill's excessive force that cannot be resolved on summary judgment.

The existence of genuine disputes of material fact regarding Defendant Hill's use of excessive force precludes summary judgment on the basis of qualified immunity. See generally King v. Blackwood, __ F.4th __, 2026 WL 1902547 (4th Cir. July 2, 2026) (concluding that the defendants were not entitled to qualified immunity where the district court found genuine disputes regarding the defendants' deliberate indifference to a serious medical need).

The Defendant's Motion for Summary Judgment will, therefore, be denied.

## VI.   CONCLUSION

For the reasons stated herein, the Defendant's Motions to Strike Surreplies are granted and Defendant's Motion for Summary Judgment is denied.

The Court intends to refer this case to a United States Judge for the purpose of conducting a Judicial Settlement Conference.  Any party not wishing to participate in a Judicial Settlement Conference shall file written objections within fourteen (14) days of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 20] is **DENIED**.

The Defendants' Motions to Strike Surreply [Docs. 35, 41] are **GRANTED**.  The Clerk is respectfully instructed to **STRIKE** Docket Entries 34 and 40.

**IT IS FURTHER ORDERED** that any party not wishing to participate in a Judicial Settlement Conference shall file written objections so informing the Court within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Signed: July 9, 2026

Frank D. Whitney
Senior United States District Judge